# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LUZ LORENZO, on behalf of himself and others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) HARRIS & HARRIS, LTD. ) ) Defendant. ) | Civil Action No. 21-cv-02775<br><br>Jury Demanded |

## CLASS COMPLAINT

Plaintiff, Luz Lorenzo, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here, and Defendant transacts substantial business here.

## STANDING

3. Defendant sent Plaintiff a letter in an envelope which included language visible through the window of the envelope that violated his privacy.

4. Plaintiff has a congressionally defined right to receive all communications from a debt collector with adequate disclosure of her rights under the law. *E.g. Genova v. IC Sys., Inc.*, No. CV 16-5621, 2017 WL 2289289, at *3 (D.N.J. May 25, 2017).

5. Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

6. Plaintiff, Luz Lorenzo, ("Plaintiff"), is a resident of the state of Illinois from whom Defendant attempted to collect a delinquent consumer debt owed for a defaulted Northwestern Medicine account. Plaintiff is thus a "consumer" as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

7. Defendant, Harris & Harris, LTD ("Harris"), is an Illinois law firm. Its registered agent is MS Registered Agent Services located at 191 N. Wacker Drive, Suite 1800, Chicago, IL 60606.

8. Harris holds a collection agency license from the State of Illinois.

9. Harris regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is therefore a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

10. According to Defendant, Plaintiff incurred a medical debt originally owed to Northwestern Medical Group ("Account").

11. The Account is a "debt" as that term is defined at § 1692a(5) of the FDCPA.

12. Plaintiff did not pay the debt, and the Account went into default.

13. On or about January 25, 2021, Harris mailed Plaintiff a collection letter ("Letter"). (Exhibit A, Collection Letter)

14. The Letter conveyed various information regarding the debt directly to Plaintiff, including the amount owed, the identity of the original creditor, and an account number.

15. The Letter was a "communication" as that term is defined at §1692a(2) of the FDCPA.

16. The Letter is a form letter.

17. Plaintiff read the Letter.

18. Other information from the collection notice was also visible through the envelope, as the envelope was semi-transparent.

19. The Letter contained the words **PERSONAL AND CONFIDENTIAL** on the inward side of the paper page inside the envelope, which bled through the envelope and were clearly visible to Plaintiff.

20. These terms **PERSONAL AND CONFIDENTIAL**, are common on collection letters in an effort to persuade debtors to open the letters rather than throw them away as junk mail.

21. However, they also communicate that the letter likely regards a collection matter before the recipient even opens it.

22. The FDCPA prohibits using an envelope that contains any language other than the debt collector's address or its business name.

23. It was apparent to anyone viewing the envelope that it contained a letter regarding a sensitive financial matter, including to Plaintiff's postal carrier, family members, and neighbors.

24. The FDCPA prohibits using an envelope that contains any language other than the debt collector's address or its business name.

25. Thus, the presence of the additional symbols violated the FDCPA.

26. 15 U.S.C. § 1692f of the FDCPA provides as follows:

> **Unfair practices**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (8) Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business. . . .**

27. Harris used an unfair practice to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692f(8), when it sent Plaintiff a collection letter that contained language other than its address on the envelope.

28. The inclusion of any language that is not Harris's name or address violates § 1692f(8). *Preston v. Midland Credit Mgmt.*, 948 F.3d 772, 784 (7th Cir. 2020) (finding an FDCPA violation over the inclusion of TIME SENSITIVE DOCUMENT on an envelope) (emphasis in the original).

29. The Seventh Circuit further reiterated what the statute already makes clear: no language or symbol other than the debt collector's address, is permitted. *Id*. (finding no exception even for so-called "benign language" on an envelope).

30. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See*, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## **CLASS ALLEGATIONS**

31. Plaintiff, Luz Lorenzo, brings this action individually and on behalf of a class, described as (1) all persons similarly situated in the State of Illinois (2) from whom Defendant attempted to collect on a defaulted Northwestern Medicine account (3) using a letter substantially similar to that of Exhibit A mailed in a transparent envelope so the words "Personal and Confidential" could be seen (4) sent between one year prior to the filing of this Class Action Complaint up to the filing of this Class Action Complaint (the "Class").

32. Since Exhibit A is a form letter, the Class is likely to consist of more than 40 persons from whom Defendants attempted to collect a debt using the Collection Letter attached as Exhibit A.

33. Plaintiff Lorenzo's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

34. The prosecution of separate actions by individual members of the Class would create a risk inconsistent or varying adjudications with respect to individual members of each Class, and would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.

35. Plaintiff Lorenzo will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Lorenzo has retained counsel experienced in class action litigation including class actions brought under the FDCPA.

## COUNT I—FAIR DEBT COLLECTION PRACTICES ACT

36. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

37. Defendant used an unfair practice to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692f(8), when it sent Plaintiff a collection letter that contained visible language other than its address on the envelope.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff Lorenzo and the class members and against Defendants as follows:

    A. Statutory damages for the class pursuant to 15 U.S.C. § 1692k(a)(2);

    B. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

    C. Such other or further relief as the Court deems proper.

## **JURY DEMAND**

Plaintiff demands trial by jury.

                                                By: s/Celetha C. Chatman
                                                One of Plaintiff's Attorneys

Celetha Chatman
Michael Wood
**Community Lawyers Group. Ltd.**
980 N. Michigan Ave., Suite 1400
Chicago, IL 60611
Ph: (312)757-1880
Fx: (312)265-3227
cchatman@communitylawyersgroup.com